1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

10  RUSSELL CLEO CONSTABLE,          ) 1:07-cv-995-OWW-SMS
                                    )
11              Plaintiff,          ) ORDER DISMISSING PLAINTIFF'S
                                    ) COMPLAINT WITH LEAVE TO FILE AN
12         v.                       ) AMENDED COMPLAINT NO LATER THAN
                                    ) THIRTY DAYS AFTER THE DATE OF
13  STATE OF CALIFORNIA, et al.,    ) SERVICE OF THIS ORDER (DOC. 1)
                                    )
14              Defendants.         )
                                    )
15                                  )
                                    )
16  _____ )

17       Plaintiff is proceeding pro se and in forma pauperis with an

18  action for damages and other relief concerning alleged civil

19  rights violations. The matter has been referred to the Magistrate

20  Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and

21  72-304.

22       Pending before the Court is Plaintiff's complaint, filed on

23  July 12, 2007.

24       I. Screening the Complaint

25       In cases wherein the plaintiff is proceeding in forma

26  pauperis, the Court is required to screen cases and shall dismiss

27  the case at any time if the Court determines that the allegation

28  of poverty is untrue, or the action or appeal is frivolous or

1

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. 1915(e)(2).

Fed. R. Civ. P. 8(a) provides:

A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id. Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most

1   favorable to the Plaintiff, <u>Resnick v. Hayes</u>, 213 F.3d 443, 447

2   (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor,

3   <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

4       If the Court determines that the complaint fails to state a

5   claim, leave to amend should be granted to the extent that the

6   deficiencies of the complaint can be cured by amendment. <u>Lopez v.</u>

7   <u>Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A

8   complaint, or a portion thereof, should only be dismissed for

9   failure to state a claim upon which relief may be granted if it

10  appears beyond doubt that the Plaintiff can prove no set of

11  facts, consistent with the allegations, in support of the claim

12  or claims that would entitle him to relief. <u>See</u> <u>Hishon v. King &</u>

13  <u>Spalding</u>, 467 U.S. 69, 73 (1984), citing <u>Conley v. Gibson</u>, 355

14  U.S. 41, 45-46 (1957); see also <u>Palmer v. Roosevelt Lake Log</u>

15  <u>Owners' Ass'n., Inc.</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).

16  Dismissal of a pro se complaint for failure to state a claim is

17  proper only where it is obvious that the Plaintiff cannot prevail

18  on the facts that he has alleged and that an opportunity to amend

19  would be futile. <u>Lopez v. Smith</u>, 203 F.3d at 1128.

20      A claim is frivolous if it lacks an arguable basis either in

21  law or fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 324 (1989). A

22  frivolous claim is based on an inarguable legal conclusion or a

23  fanciful factual allegation. <u>Id.</u> A federal court may dismiss a

24  claim as frivolous if it is based on an indisputably meritless

25  legal theory or if the factual contentions are clearly baseless.

26  <u>Id.</u>

27      The test for malice is a subjective one that requires the

28  Court to determine whether the applicant is proceeding in good

3

faith. <u>Kinney v. Plymouth Rock Squab. Co.</u>, 236 U.S. 43, 46

(1915); <u>see</u> <u>Wright v. Newsome</u>, 795 F.2d 964, 968 n. 1 (11th Cir.

1986). A lack of good faith is most commonly found in repetitive

suits filed by plaintiffs who have used the advantage of cost-

free filing to file a multiplicity of suits. A complaint may be

inferred to be malicious if it suggests an intent to vex the

defendants or abuse the judicial process by relitigating claims

decided in prior cases, <u>Crisafi v. Holland</u>, 655 F.2d 1305, 1309

(D.C.Cir. 1981); if it threatens violence or contains

disrespectful references to the Court, <u>id.</u>; or if it contains

untrue material allegations of fact or false statements made with

knowledge and an intent to deceive the Court, <u>Horsey v. Asher</u>,

741 F.2d 209, 212 (8th Cir. 1984).

Plaintiff names as defendants the state of California;

Stanislaus County; James Brazelton, County District Attorney;

Regal Wilson, Chief Executive Officer; Lisa Constant Dickson; and

individuals described as employees of District 1, including Pat

Paul, Thomas W. Mayfield, Nick W. Blom, Ray Simon, Paul W.

Caruso, Ron Woods, Bruse Kirby, Jeff Scout Driben, and Cash Edith

Dudley. (Cmplt. pp. 1-2.) Plaintiff's allegations concern state

court's rulings in various civil actions concerning child custody

and support and marital status as well as related actions of

county employees and his former spouse and mother of his

children; they also involve allegations of false imprisonment in

connection with a state criminal proceeding. Plaintiff seeks

injunctive and declaratory relief to effectuate the cessation of

all actions against him, reunification with his children, and

damages for false imprisonment.

4

I. <u>Eleventh Amendment Immunity of State</u>

Plaintiff names the state of California as a Defendant but does not state any facts concerning the conduct of Defendant state of California. Plaintiff has not linked this Defendant to any conduct resulting in deprivation of rights.

More fundamentally, a state is not a person for the purpose of an action pursuant to § 1983; hence, a section 1983 claim against a state is legally frivolous. <u>Arizonans for Official English v. Arizona</u>, 520 U.S. 43, 69 (1997). Further, a state has immunity pursuant to the Eleventh Amendment. <u>Brooks v. Sulphur Springs Valley Elec. Coop.</u>, 951 F.2d 1050, 1053 (9th Cir. 1991).

The Court therefore concludes that Plaintiff's claim against the state must be dismissed.

II. <u>Failure to Allege Conduct of Defendants County, District Attorney James C. Brazelton, and County Supervisors and Executive Officer</u>

Plaintiff names Stanislaus County, County District Attorney James C. Brazelton, named County Supervisors, and the Executive Officer as defendants.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]... subjects, or causes to be subjected, any citizen of the United States... to the deprivation of any rights, privileges, or immunities secured by the Constitution... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To state a claim pursuant to § 1983, a plaintiff must plead that defendants acted under color of state law at the time the act complained of was committed and that the defendants deprived the plaintiff of rights, privileges, or

immunities secured by the Constitution or laws of the United States. <u>Gibson v. United States</u>, 781 F.2d 1334, 1338 (9th Cir. 1986). The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. <u>See Monell v. Department of Social Services</u>, 436 U.S. 658, (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

In order for a person acting under color of state law to be liable under § 1983, the person must be shown to have personally participated in the alleged deprivation of rights; there is no respondeat superior liability. <u>Bell v. Clackamas County</u>, 341 F.3d 858, 867 (9th Cir. 2003).

Plaintiff has failed to allege any facts that would render the county or district attorney liable as a defendant. With respect to the supervisors and county executive, Plaintiff alleges only that they were informed of the actions of the various "judicial employees" but nothing came of it; there are no allegations of their participation in any of the actions in question, and there are no facts indicating that the supervisors had any authority over any judicial officers. Likewise, there is no allegation that the executive officer participated in any deprivation of rights.

1   Accordingly, Plaintiff's claim against the county, district
2   attorney, supervisors, and executive officer should be dismissed.
3       III. <u>Judicial Immunity</u>
4       Plaintiff does not name any judges in the caption of the
5   proceeding, but he asserts that judges engaged in a conspiracy
6   with others to deprive Plaintiff of his rights, and he complains
7   of the rulings of various judges of the Superior Court of
8   Stanislaus County in the cases described below.
9       Judges and officers whose functions bear a close association
10  to the judicial process are entitled to absolute judicial
11  immunity from damage actions under 42 U.S.C. § 1983 for judicial
12  acts taken within the jurisdiction of their courts. <u>Demoran v.</u>
13  <u>Witt</u>, 781 F.2d 155, 156 (9th Cir. 1986). A judge loses judicial
14  immunity for judicial acts only when the judge acts in the clear
15  absence of all jurisdiction or performs an act that is not
16  judicial in nature. <u>Shucker v. Rockwood</u>, 846 F.2d 1202, 1204 (9th
17  Cir. 1988). The factors relevant in determining whether an act is
18  judicial "relate to the nature of the act itself, i.e., whether
19  it is a function normally performed by a judge, and to the
20  expectations of the parties, i.e., whether they dealt with the
21  judge in his judicial capacity." <u>Stump v. Sparkman</u>, 435 U.S. 349,
22  356-357, 362 (1978). Judicial immunity is not lost by allegations
23  that a judge conspired with a third party. As long as the judge's
24  ultimate acts are judicial actions taken within the court's
25  subject matter jurisdiction, immunity applies. <u>Ashelman v. Pope</u>,
26  793 F.2d 1072, 1078 (9th Cir. 1986).
27      The allegations of the complaint before the Court establish
28  that the judges are entitled to absolute judicial immunity.

Plaintiff is complaining of actions or rulings made by the judges in cases pending before the respective courts. The actions or rulings made by the judges in connection with plaintiff's cases to which the judges were assigned were within their jurisdiction.

Accordingly, to the extent that Plaintiff seeks to sue the judges who made the decisions of which Plaintiff complains, Plaintiff's complaint should be dismissed.

IV. <u>Color of Law</u>

Many of the actors alleged to have wronged Plaintiff appear to have been private parties. The Court anticipates the filing of an amended complaint and informs Plaintiff that to state a claim under section 1983, a plaintiff must plead that the defendant acted under color of state law. <u>Gibson v. United States</u>, 781 F.2d 1334, 1338 (9th Cir. 1986). Generally, private parties are not acting under color of state law. <u>See</u> <u>Price v. Hawaii</u>, 939 F.2d 702, 707-08 (9th Cir. 1991). However, "[a]ction taken by private individuals may be 'under color of state law' where there is 'significant' state involvement in the action." <u>Howerton v. Gabica</u>, 708 F.2d 380, 382 (9th Cir. 1983).

V. <u>Jurisdiction to Review State Court Proceedings</u>

Plaintiff seeks declaratory relief and an injunction stopping all actions against the Plaintiff. Plaintiff complains of various rulings in state court civil actions: an order of attachment, a default judgment by family support services that assigned to Plaintiff child support and arrears; an assertedly fraudulent judgment for divorce and sole custody of the children that Plaintiff alleges is void; dismissal of Plaintiff's motion for visitation; dismissal of Plaintiff's motion for visitation

without Plaintiff's being present; failure to allow Plaintiff to
cross-examine a court investigator; and the denial, dismissal,
and the striking of Plaintiff's motion to vacate an allegedly
void default judgment for divorce and child custody without
Plaintiff's being present.   (Cmplt. pp. 4, 6-11.)

Further, he alleges misconduct of various persons in
connection with such proceedings, including his former wife, Lisa
Constable, who allegedly concealed the children and thus obviated
any duty of Plaintiff to pay child support, offered unspecified
false and misleading statements in the case, prevented Plaintiff
from being properly served and thus being present in court to
object to proceedings, conspired with attorney Dudley and
unspecified others to supply unspecified false information into
the record, tried with Dudley to have Plaintiff put in jail for
molesting his own children; attorney Cash Dudley who filed a
petition to have the minor children declared free from the
father's parental custody and control, used allegedly tainted but
unspecified testimony of several child support officers and
counselors to try to support their false allegations against
Plaintiff in the proceeding to terminate parental rights, and
made representations of fact favorable to Lisa Constable in court
at a time she did not represent Constable and thereby violated
professional ethics; court investigator Ron Wood, who
investigated some aspects of one of the cases but allegedly
failed to report fraud of Lisa Constable (although Plaintiff
states that he prevailed in the proceeding to declare the minors
free from custody and control of Plaintiff); Deputy District
Attorney Jeffrey Drabin, who used a statement in court to have

Plaintiff's unspecified motions dismissed and in an affidavit, and who failed to bring forth unspecified facts allegedly established in investigator Wood's first investigation; court mediator Bruce Kirby, who failed to comply with a judge's order to conduct a criminal investigation; Judge Maria Silvera and Dudley, who allegedly conspired to obstruct justice and struck Plaintiff's application to vacate the void judgment; and Stanislaus County Supervisors Pat Paul, Thomas W. Mayfield, Nick W. Blom, Ray Simon, and Paul W. Caruso, and County Executive Officer Regal Wilson, who were given notice of the actions of "their judicial employees" but did nothing. (Cmplt. pp. 4-7, 11-12.)

It is established that a federal court lacks subject matter jurisdiction to review final determinations of state courts, as well as claims "inextricably intertwined" with final state court decisions, even if such "inextricably intertwined" claims were not actually raised in the state court. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483-87, 483 n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Olson Farms, Inc. v. Barbosa, 134 F.3d 933, 937 (9th Cir. 1998) (holding the "Rooker-Feldman" doctrine is jurisdictional). A federal district court is a court of original jurisdiction, and as such has no authority to review the final determinations of a state court in judicial proceedings. Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir. 1986); Dubinka v. Judges of Superior Court of State of Cal. for County of Los Angeles, 23 F.3d 218, 221 (9th Cir. 1994). "[A] losing party in state court is barred from seeking what in substance would be appellate

1  review of the state judgment in a United States District Court,
2  based on the losing party's claim that the state judgment itself
3  violates the loser's federal rights." <u>Johnson v. DeGrandy</u>, 512
4  U.S. 997, 1005-06 (1994).

5      Here, Plaintiff seeks injunctive relief with respect to
6  these actions. Plaintiff's claims regarding these civil
7  proceedings are essentially an invitation to this Court to review
8  the determinations of a state court which were made over five
9  years ago and which appear to be final. Accordingly, Plaintiff's
10 claims regarding the state court rulings should be dismissed
11 because Plaintiff has not stated a basis for this Court's
12 jurisdiction and has not stated facts demonstrating subject
13 matter jurisdiction in this Court.

14     VI. <u>Malicious Prosecution</u>

15     The complaint also addresses a criminal proceeding or
16 proceedings, concerning criminal contempt and/or possibly failure
17 to support his minor children, in which Judge Cole is alleged to
18 have made rulings concerning Plaintiff's defense counsel and to
19 have jailed Plaintiff, Judge Griffey ignored a motion Plaintiff
20 filed, Judge Silvera denied Plaintiff a jury trial because
21 Plaintiff was not to be incarcerated for more than 180 days, and
22 Judge Lacey held trial in absentia and thereafter incarcerated
23 Plaintiff. (Cmplt. p. 8, 9, 10.) Plaintiff alleges that one case
24 of two consolidated cases was conceived in fraud and was dropped
25 by Deputy District Attorney Drabin because of obvious fraud; then
26 in the other consolidated case, Drabin proceeded with an order to
27 show cause for contempt against Plaintiff in connection with the
28 same money, and later filed another contempt charge against

1 Plaintiff in 2001; Drabin and Judge Silvera conspired to extort

2 money from Plaintiff and protect unspecified judicial officers

3 from lawsuits, as well as deny Plaintiff his right to a jury

4 trial and confrontation of the accuser. (Cmplt. pp. 9-10.)

> 5 "In order to prevail on a § 1983 claim of
> malicious prosecution, a plaintiff 'must show that the
> 6 defendants prosecuted [him] with malice and without
> probable cause, and that they did so for the purpose of
> 7 denying [him] equal protection or another specific
> constitutional right.'" Awabdy v. City of Adelanto, 368
> 8 F.3d 1062, 1066 (9th Cir. 2004) (citing to Freeman v.
> City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995)).
> 9 "Malicious prosecution actions are not limited to suits
> against prosecutors but may be brought . . . against
> 10 other persons who have wrongfully caused the charges to
> be filed." Id. "An individual seeking to bring a
> 11 malicious prosecution claim must generally establish
> that the prior proceedings terminated in such a manner
> 12 as to indicate his innocence." Id. at 1068.

13 Here, Plaintiff alleges that he was jailed; it appears that

14 Plaintiff suffered a criminal conviction, and Plaintiff has not

15 alleged that the criminal proceeding or proceedings complained of

16 terminated in a manner as to indicate his innocence. Accordingly,

17 Plaintiff's claim for malicious prosecution must be dismissed.

18     VII. Challenge to Criminal Proceedings or Conviction

19     The allegations of the complaint are ambiguous and

20 uncertain, but it appears that the complaint concerns allegations

21 of wrongful arrest, charging, and conviction based on matters

22 that have been the subject of a criminal conviction. When a

23 prisoner challenges the legality or duration of his custody, or

24 raises a constitutional challenge which could entitle him to an

25 earlier release, his sole federal remedy is a writ of habeas

26 corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v.

27 Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090

28 (1991). Moreover, when seeking damages for an allegedly

12

1   unconstitutional conviction or imprisonment, "a § 1983 plaintiff
2   must prove that the conviction or sentence has been reversed on
3   direct appeal, expunged by executive order, declared invalid by a
4   state tribunal authorized to make such determination, or called
5   into question by a federal court's issuance of a writ of habeas
6   corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88
7   (1994). "A claim for damages bearing that relationship to a
8   conviction or sentence that has not been so invalidated is not
9   cognizable under § 1983." Id. at 488. Under Heck v. Humphrey, 512
10  U.S. 477 (1994), a § 1983 action that would call into question
11  the lawfulness of a plaintiff's conviction or confinement is not
12  cognizable and does not, therefore, accrue until and unless the
13  plaintiff can prove that his conviction or sentence has been
14  reversed on direct appeal. The Heck principle applies to claims
15  that would necessarily imply the invalidity of any conviction
16  that might have resulted form the prosecution of the dismissed
17  charge, including pending charges in addition to actual
18  convictions. Harvey v. Waldron, 210 F.3d 1008, 1013-14 (9ᵗʰ Cir.
19  2000). It applies generally to charges of unlawful or false
20  arrest. Cabrera v. City of Huntington Park, 159 F.3d 374, 380
21  (9ᵗʰ Cir. 1998); Harvey v. Waldron, 210 F.3d at 1014-15.

22      Again, Plaintiff has not alleged that his apparent
23  conviction has been invalidated. Accordingly, Plaintiff's claim/s
24  concerning his conviction should be dismissed.

25      VIII. Amendment of the Complaint

26      In summary, the Court finds it necessary to dismiss the
27  complaint in its entirety. Plaintiff has failed to state a
28  cognizable claim against the defendants and has failed to plead

facts demonstrating jurisdiction in this Court. However, it is possible that Plaintiff can allege a set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. Thus, the Court will grant Plaintiff an opportunity to amend the complaint to cure the deficiencies of this complaint. Failure to cure the deficiencies will result in dismissal of this action without leave to amend.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id.

An amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, it IS ORDERED that:

1) Plaintiff's complaint IS DISMISSED with leave to amend; and

2) Plaintiff IS GRANTED thirty days from the date of service

14

of this order to file an amended complaint that complies with the requirements of the pertinent substantive law, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; failure to file an amended complaint in accordance with this order will be considered to be a failure to comply with an order of the Court pursuant to Local Rule 11-110 and will result in dismissal of this action.

IT IS SO ORDERED.

**Dated:     October 25, 2007**              **/s/ Sandra M. Snyder**
                                       UNITED STATES MAGISTRATE JUDGE